UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2005 DEC 29  P 1:47

SIGN_____
BY DEPUTY CLERK

G. SCOTT LOVE, as Administrator of the
Estate of his unemancipated minor child
JULIA CATHERINE LOVE,

   Plaintiff,

v.

KATHLEEN BABINEAUX BLANCO,
Governor of Louisiana, and AL ATER,
Secretary of State of Louisiana,

   Defendants.

Civil Action No. 05cv1439-RET-CN

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff G. Scott Love, in his capacity as Administrator of the Estate of his unemancipated minor child Julia Catherine Love, as and for his Complaint against Defendants Kathleen Babineaux Blanco, Governor of Louisiana, and Al Ater, Secretary of State of Louisiana, alleges upon information and belief as follows:

### NATURE OF THE ACTION

1. This is a federal civil rights action brought pursuant to 42 U.S.C. § 1983 against Defendants for conducting, under color of state law, regular congressional elections in Louisiana on dates earlier than the day mandated by federal law, in violation of the Minor Plaintiff's federal statutory and constitutional rights.

2. An actual, justiciable controversy exists between the parties over Defendants' holding of regular congressional elections within the State of Louisiana on dates earlier than the day required by federal law. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1983, and FRCP 57, that Defendants are to conduct all future regular elections in



Louisiana for U.S. Representative and U.S. Senator, including the impending 2006 elections, on the dates compelled by federal law.

## THE PARTIES

3. Plaintiff G. Scott Love is a citizen of Louisiana and of the United States who resides in East Baton Rouge Parish, Louisiana. He is the father of Minor Plaintiff Julia Catherine Love, and pursuant to LSA-CCP § 683(C) he is the proper plaintiff to bring this action in his capacity as administrator of the estate of his minor child to enforce her rights. Julia Catherine Love is not presently eligible to vote, as her date of birth was October 10, 1988, and her eighteenth birthday will therefore be October 10, 2006. She will be eligible to vote in the general election to be held on November 7, 2006, and pursuant to LSA-RS § 18:101(A) (quoted *infra* at Paragraph 17), she is eligible to *register* to vote in said general election and has already exercised her right so to register. Pursuant to LSA-CC § 29, Julia Catherine Love's domicile is the same as that of her father.

4. Defendant Kathleen Babineaux Blanco is Governor of the State of Louisiana and is a resident of East Baton Rouge Parish, Louisiana. Pursuant to Article IV, Section 5 of the Louisiana Constitution, Blanco is responsible for executing the laws of Louisiana. Blanco is sued in her official capacity.

5. Defendant Al Ater is Secretary of State of Louisiana and is a resident of East Baton Rouge Parish, Louisiana. Pursuant to LSA-RS § 18:421, Ater is the chief election officer of Louisiana. Pursuant to LSA-RS § 18:1277, Ater is also responsible for certifying the results of congressional elections. Ater is sued in his official capacity.

## JURISDICTION

6. This action arises under 42 U.S.C. § 1983, 2 U.S.C. §§ 7 and 1, the Supremacy Clause of Article VI of the United States Constitution, the Privileges and Immunities Clause of

the Fourteenth Amendment to the U.S. Constitution, and the Twenty-Sixth Amendment to the U.S. Constitution.

7. The jurisdiction of this Court over claims arising under 42 U.S.C. § 1983 is founded on 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

8. The jurisdiction of this Court over claims arising under 2 U.S.C. §§ 7 and 1 and the U.S. Constitution is founded on 28 U.S.C. § 1331.

## VENUE

9. Venue in this Court is proper under 28 U.S.C. § 1391(b).

## THE CAUSE OF ACTION

### Federal Law Requirements for the Timing of Congressional and Presidential Elections

10. Article I, Section 4, Clause 1 of the U.S. Constitution states:

> The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators.

11. Acting pursuant to its constitutional authority under Article I, Section 4, Clause 1, in 1872 Congress enacted 2 U.S.C. § 7, which states:

> The Tuesday next after the 1st Monday in November, in every even numbered year, is established as the day for the election, in each of the States and Territories of the United States, of Representatives and Delegates to the Congress commencing on the 3d day of January next thereafter.

Hereinafter, the date prescribed by 2 U.S.C. § 7 for the holding of regular elections for U.S. Representatives is referred to as "Federal Election Day."

12. Title 2, Section 1 of the U.S. Code requires that in U.S. Senate election years, regular election of U.S. Senators throughout the United States shall take place on Federal Election Day.

13. Under authority granted by Article II, Section 1, Clause 4 of the U.S. Constitution, Congress has mandated in 3 U.S.C. § 1 that in presidential election years, Presidential Electors throughout the United States shall be appointed by the states on Federal Election Day.

14. Article VI, Section 2 of the U.S. Constitution provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

15. Section 1 of the Fourteenth Amendment to the U.S. Constitution provides in pertinent part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States . . . ."

16. Section 1 of the Twenty-Sixth Amendment to the U.S. Constitution provides as follows: "The right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United States or any State on account of age."

17. LSA-RS § 18:101(A) provides as follows:

> (1) Every citizen of Louisiana who is at least eighteen years of age or will attain that age on or before the next election, is an actual bona fide resident of this state, and the parish, municipality, if any, and precinct in which he offers to register as a voter, is not disenfranchised, and who complies with the provisions of this Chapter shall be eligible to register to vote in local, state and national elections held in this state.
>
> (2) Any person age seventeen and who is otherwise qualified to vote may register to vote at any time prior to the first election at which he shall have attained the age of eighteen years. However, no one, under the age of eighteen years shall be permitted to vote in any election.

**Louisiana Law Governing the Timing of Congressional and Presidential Elections**

18. LSA-RS § 18:1272(A) provides as follows:

> All general elections for representatives in Congress . . . . shall be held on the first Tuesday next following the first Monday in November, 1982, and every two years thereafter. *The primary election shall be held on the first Saturday in October next preceding the date of the general election.*

(Emphasis added.)

19. LSA-RS § 18:402(B) provides as follows:

> (1) Congressional primary elections shall be held on the first Saturday in October of an election year.
>
> (2) Congressional general elections shall be held on the first Tuesday after the first Monday in November of an election year.

20. LSA-RS § 18:1272(B) provides that a U.S. Senator, in the year prior to the expiration of an incumbent's term, shall be elected "at the same time and at the same polling place as representatives in Congress."

21. Regarding the election of U.S. Representatives and U.S. Senators, LSA-RS § 18:1271 provides:

> Except as otherwise specifically provided in this Part, United States senators and representatives in Congress shall be elected as provided in this Title for the election of public officers.

22. Prior to the 2005 Session of the Louisiana State Legislature, LSA-RS § 18:511(A) provided that "[a] candidate who receives a majority of the votes cast for an office in a primary is elected." This provision was found unconstitutional by the U.S. Supreme Court in *Foster v. Love*, 522 U.S. 67, 118 S. Ct. 464, 139 L. Ed. 2d 369 (1997). Following the remand, the Legislature failed to enact corrective legislation. By order dated May 19, 1998, this Court ordered State officials to hold congressional "primary" elections on Federal Election Day, and any necessary run-off elections in December. Beginning in 1998 and continuing to the present,

Louisiana officials have conducted Louisiana congressional elections in accordance with this Court's order of May 18, 1998.

23.  Act 282 of the 2005 Session of the Louisiana Legislature, which was signed by the Governor and becomes effective under Louisiana law on January 1, 2006, amends LSA-RS § 18:481 to include a new subsection (A), which provides that "[t]he candidates who qualify for each office of United States senator or representative in congress in the general election are those who received the two highest numbers of votes in the primary election." Under this statute, the "primary election" is the one to be held on the first Saturday of October pursuant to LSA-RS § 18:402(B). *See* Paragraph 19, *supra.*

24.  Act 282 of the 2005 Session of the Louisiana State Legislature also amends LSA-RS § 18:511(A) as follows:

> (1) A candidate, *other than a candidate for United States senator or representative in congress*, who receives a majority of the votes cast for an office in a primary election is elected. . . .
>
> (2) A candidate for United States senator or representative in congress who receives a majority of votes cast for an office in a primary election is *declared elected* by the people at the close of the polls on the day of the general election, *and his name shall not appear on the ballot in the general election.*

(Emphasis supplied.) Thus, a candidate for U.S. Senator or U.S. Representative who receives a majority of votes on the first Saturday in October will not appear on the ballot on Federal Election Day.

25.  Pursuant to its authority under Article II, Section 1, Clause 2 of the U.S. Constitution, which enables states to choose their own methods of "appointing" Presidential Electors, Louisiana has enacted LSA-RS § 18:1251, which provides for the popular election of Presidential Electors in presidential election years. In accordance with the Congressional command in 3 U.S.C. § 1 that Presidential Electors be appointed on Federal Election Day, LSA-

RS § 18:1251 provides, in pertinent part, that "[t]he election [of Presidential Electors] *shall be held on the Tuesday following the first Monday in November* . . . ." (Emphasis supplied.)

26. Act 282 effectively returns the state's scheme for electing U.S. Senators and U.S. Representatives to the scheme that the Supreme Court rejected in 1997. Act 282 permits a candidate effectively to win outright in the October open primary if he or she secures a majority of the vote. While Act 282 states that the candidate shall not be "declared elected" until Federal Election Day, the statute provides that such a candidate's name *shall not appear on the ballot* on Federal Election Day. Even if the October primary is not conclusive by reason of a failure of a candidate to obtain a majority, it winnows down the number of candidates so that a run-off may be held on Federal Election Day, when 2 U.S.C. § 8 requires that such run-off elections will be held only *after* Federal Election Day. Accordingly, the so-called primary election to be conducted in October is a congressional "election" for purposes of 2 U.S.C. § 7, regardless of whether it is conclusive.

**Future Injury to Minor Plaintiff Julia Catherine Love Resulting from Louisiana's Violation of Federal Law Requirements for the Timing of Congressional Elections**

27. On October 7, 2006, pursuant to LSA-RS §§ 18:402(B)(1), 18:1271, 18:1272(A), and 18:1272(B), Defendants will conduct "primary elections" in Louisiana for Representatives from each Congressional District, including the Sixth Congressional District (in which Plaintiff and Minor Plaintiff reside).

28. Should any candidate for U.S. Representative in the Sixth Congressional District of Louisiana win a majority of the vote in the "primary election" on October 7, 2006, pursuant to LSA-RS § 511(A)(2) provides that "his name shall not appear on the ballot in the general election."

29. Minor Plaintiff Julia Catherine Love's eighteenth birthday will fall on October 10, 2006, which is after the date of the 2006 "primary election" but prior to Federal Election Day. Minor Plaintiff Julia Catherine Love will therefore be ineligible to vote in the "primary election" pursuant to LSA-RS § 18:101(A)(2), but she will be eligible to vote in the "general election" on Federal Election Day pursuant to LSA-RS § 18:101(A).

30. The right of Minor Plaintiff Julia Catherine Love to vote in the general election on Federal Election Day, i.e., November 7, 2006, is a right secured by the Constitution and laws of the United States, and the denial of that individualized right is irreparable injury per se.

31. Louisiana's election scheme whereby a candidate for U.S. Representative from the Sixth Congressional District who obtains a majority of the votes cast for that office in the "primary election" on October 7, 2006, will not have his name on the ballot in the "general election" on Federal Election Day will have the effect of denying Minor Plaintiff Julia Catherine Love the right to vote for U.S. Representative on Federal Election Day in 2006.

32. Even if the so-called "primary" on October 7, 2006, is not conclusive because of the failure of one candidate to secure a majority of the vote, such a "primary" denies Minor Plaintiff her right to vote because this so-called primary is in reality an "election" within the meaning of the Federal Election Day Statutes, and such election must be held on Federal Election Day.

33. Minor Plaintiff Julia Catherine Love's right to vote in the 2006 election for U.S. Representative on Federal Election Day is a privilege or immunity of U.S. citizenship protected by the Privileges and Immunities Clause of the Fourteenth Amendment to the U.S. Constitution.

34. Minor Plaintiff Julia Catherine Love's right to vote in the 2006 election for U.S. Representative on Federal Election Day pursuant to 2 U.S.C. § 7 is a right protected by the Twenty-Sixth Amendment to the U.S. Constitution.

35. Minor Plaintiff Julia Catherine Love's right to vote in the 2006 election for U.S. Representative on Federal Election Day pursuant to 2 U.S.C. § 7 is a federal statutory right protected by the Supremacy Clause of Article VI of the U.S. Constitution.

36. Congress enacted 2 U.S.C. § 7 for the benefit of all voters, including Minor Plaintiff Julia Catherine Love.

37. By providing for the conclusive election of a candidate for U.S. Representative in the October 2006 "primary election," and for the omission of the name of any candidate who obtains a majority of the vote for said office in said "primary election" from the ballot on Federal Election Day, Act 282 of the 2005 Session of the Louisiana State Legislature allows Louisiana to circumvent the holding of regular congressional elections on Federal Election Day and will deny Minor Plaintiff Julia Catherine Love her right to vote for U.S. Representative in 2006. Even if the October primary is not conclusive, Plaintiff's right to vote is abridged for the reasons set forth in paragraph 32 above. Accordingly, Act 282 of the 2005 Session of the Louisiana State Legislature violates 2 U.S.C. § 7 and as such is unconstitutional under the Supremacy Clause of Article VI of the U.S. Constitution, the Privileges and Immunities Clause of the Fourteenth Amendment to the U.S. Constitution, and the Twenty-Sixth Amendment to the U.S. Constitution.

38. By conducting elections for U.S. Representative in Louisiana in accordance with Act 282 of the 2005 Session of the Louisiana State Legislature (and the statutory provisions amended thereby), Defendants will, under color of state law, violate the right, secured to Minor

Plaintiff Julia Catherine Love by the Constitution and laws of the United States, to vote in the 2006 Congressional election on Federal Election Day. This prospective violation of Minor Plaintiff Julia Catherine Love's right to vote in the 2006 Congressional election on Federal Election Day creates a real and justiciable controversy susceptible of resolution by declaratory judgment.

WHEREFORE, Plaintiff G. Scott Love, as Administrator of the Estate of his unemancipated minor child Julia Catherine Love, respectfully requests that this Court:

- (a) Declare, pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1983, and FRCP 57, the October "primary election" for U.S. Representative and U.S. Senator established by LSA-RS § 18:402(B)(1), 18:511(A), 18:1271, 18:1272(A) and (B), and Act 282 of the 2005 Session of the Louisiana State Legislature to be an "election" within the meaning of 2 U.S.C. §§ 7 and 1;

- (b) Declare, pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1983, and FRCP 57, Minor Plaintiff Julia Catherine Love's right to vote for U.S. Representative on Federal Election Day in 2006 under 2 U.S.C. § 7 to be a privilege of U.S. citizenship protected by the Privileges and Immunities Clause of the Fourteenth Amendment to the U.S. Constitution and the Twenty-Sixth Amendment to the U.S. Constitution;

- (c) Declare, pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1983, and FRCP 57, the October "primary election" for U.S. Representative and U.S. Senator established by LSA-RS § 18:402(B)(1), 18:511(A), 18:1271, 18:1272(A) and (B), and Act 282 of the 2005 Session of the Louisiana State Legislature to be unconstitutional under the Supremacy Clause of Article VI of the U.S. Constitution by providing

for elections for U.S. Representatives and U.S. Senator on a date earlier than that permitted by 2 U.S.C. §§ 7 and 1;

(d) Declare, pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1983, and FRCP 57, the October "primary election" for U.S. Representative and U.S. Senator established by LSA-RS § 18:402(B)(1), 18:511(A), 18:1271, 18:1272(A) and (B), and Act 282 of the 2005 Session of the Louisiana State Legislature to be unconstitutional under the Privileges and Immunities Clause of the Fourteenth Amendment to the U.S. Constitution because such "primary election" will deny Minor Plaintiff Julia Catherine Love her privilege as a U.S. citizen to vote in a regular congressional election on Federal Election Day in 2006;

(e) Declare, pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1983, and FRCP 57, the October "primary election" for U.S. Representative and U.S. Senator established by LSA-RS § 18:402(B)(1), 18:511(A), 18:1271, 18:1272(A) and (B), and Act 282 of the 2005 Session of the Louisiana State Legislature to be unconstitutional under the Twenty-Sixth Amendment to the U.S. Constitution because such "primary election" will deny Minor Plaintiff Julia Catherine Love her right to vote for U.S. Representative on Federal Election Day in 2006 because she will not be old enough to vote in said "primary election";

(f) Grant Plaintiff preliminary and permanent injunctive relief;

(f) Grant Plaintiff his costs of this action and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

(g) Grant Plaintiff such other relief as the Court deems just and equitable.

## VERIFICATION OF COMPLAINT

I, G. SCOTT LOVE, declare under penalty of perjury under the laws of the United States of America that (1) I have read the foregoing VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF and the factual allegations therein, and (2) the facts alleged therein are true and correct.

Executed on _Dec. 28_, 20_05_.

_____
G. Scott Love


I, JULIA CATHERINE LOVE, declare under penalty of perjury under the laws of the United States of America that (1) I have read the foregoing VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF and the factual allegations therein, and (2) the facts alleged therein are true and correct.

Executed on _December 28, 2005_.

_____
Julia Catherine Love

13

DATED:     December 29, 2005          Respectfully submitted,

By: /s/ Daniel J. Balhoff
Daniel J. Balhoff (18776)

PERRY, ATKINSON, BALHOFF, MENGIS &
BURNS, L.L.C.
Post Office Drawer 83260
Baton Rouge, Louisiana 70884-3260
Telephone: 225-767-7730
Facsimile: 225-767-7967

McDERMOTT WILL & EMERY LLP
M. Miller Baker (14065)
Richard B. Rogers
600 Thirteenth Street, N.W.
Washington, D.C. 20005-3096
Telephone: 202-756-8000
Facsimile: 202-756-8087

John S. Baker, Jr. (2700)
LSU Law Center Room 414
Baton Rouge, Louisiana 70803
Telephone: 225-388-8846

12

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
G. Scott Love as Adm. of the Estate of his unemancipated minor child, Julia Catherine Love

**DEFENDANTS**
Kathleen Babineaux Blanco, Governor of Louisiana and Al Ater, Secretary of State of Louisiana

**(b)** County of Residence of First Listed Plaintiff  East Baton Rouge
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant  East Baton Rouge
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Daniel J. Balhoff, Perry, Atkinson, Balhoff, Mengis & Burns, 2141 Quail Run Drive, Baton Rouge, LA 70808 (225-767-7730)

Attorneys (If Known)  Roy A. Mongrue, Jr. Attorney General's Office, P. O. Box 94005, Baton Rouge, LA 70804-9005 (225-326-6000)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U S Government Plaintiff
- ☒ 3 Federal Question (U S Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☒ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act / ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation / ☐ 870 Taxes (U S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret Inc. Security Act | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 871 IRS—Third Party 26 USC 7609 | |
|  |  | ☐ 555 Prison Condition |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write brief statement of cause Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Sec. 1983

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23   DEMAND $ _____   CHECK YES only if demanded in complaint.  JURY DEMAND: ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions)   JUDGE Polozola   DOCKET NUMBER 95-788-B-M1

DATE  12/29/05   SIGNATURE OF ATTORNEY OF RECORD  /s/ Daniel J. Balhoff

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

4609900116T